```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SCG MIMA TOWERS LLC,                                        :
                                                            :
                              Plaintiff,                    :
                                                            :        24-CV-8277 (VSB)
                 - against -                                :
                                                            :             **ORDER**
KENNETH NOBLE, et al.,                                      :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On October 16, 2024, Plaintiff SCG MiMa Towers LLC filed an eviction petition against Defendants[1] for non-payment of $99,500 in rent in the Civil Court for the City of New York, New York County, Housing Part. (*See* Doc. 1-1.) Defendants removed the case to this Court on October 31, 2024, claiming that federal jurisdiction was proper under 28 U.S.C. § 1331 because, by virtue of Defendants' counterclaim against Plaintiff for setoff of foreign sovereign bonds and Defendants' assertion that Plaintiff was a foreign state, the "action raises substantial federal questions under the Foreign Sovereign Immunities Act," ("FSIA"), 28 U.S.C. §§ 1602–11. (Doc. 1 at 1.) On May 16, 2025, I determined there was no subject-matter jurisdiction over the action, and remanded it to state court. (Doc. 19 ("Prior Op.").)

On May 15, 2025—the day prior to my Opinion & Order remanding the case to state court—Defendants filed a motion to disqualify Plaintiff's counsel. (Doc. 18.) In addition, on May 30, 2025, Defendants filed a motion for reconsideration of my Opinion & Order remanding

---

[1] The state-court petition named Kenneth Noble, Jenson Salsich, and various Doe parties as "Defendant[s]/Respondent[s]." (Doc. 1-1 at 2.) I refer to these parties collectively as "Defendants," noting that Defendant Noble was the primary filer. Defendant Noble, a licensed attorney, is proceeding in this action pro se.

the case, and a motion to strike Plaintiff's letter dated May 7, 2025 and requesting remand. (Doc. 20 (motion for reconsideration); Doc. 21 (motion to strike)). On June 13, 2025, Plaintiff filed a letter which I construe as an opposition to Defendants' motion for reconsideration and motion to strike. (Doc. 22.) On June 14, 2025, Defendants filed a second notice of removal, (Doc. 23), supplemental pleadings to the notice of removal, (Docs. 24–25), and a motion to strike Plaintiff's June 13, 2025 letter, (Doc. 26). On June 17, 2025, Defendants filed a motion to reopen the case. (Doc. 27.) On June 30, 2025, Plaintiff filed a letter in opposition to Defendants' pleadings. (Doc. 28.)

Defendants' motions are DENIED for two reasons. First, under the removal statute, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).[2] The Supreme Court has held that the statute's bar to review applies to an order remanding a case removed under the FSIA for lack of subject-matter jurisdiction. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 236–38 (2007). Thus, "reconsideration is not authorized for an order remanding a case to the state court." *62-64 Bank St., LLC v. Amelio*, No. 24-CV-2488, 2024 WL 3729114, at *1 (S.D.N.Y. Aug. 7, 2024) (citing 28 U.S.C. § 1447(d); *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 310–11 (2d Cir. 2005)). The same is true for a second notice of removal filed "after the court has remanded the action to state court for lack of subject matter jurisdiction." *Rajacic v. Costco Wholesale Corp.*, No. 18-CV-4212, 2021 WL 1238706, at *2 (E.D.N.Y. Mar. 31, 2021) (citing 28 U.S.C. § 1447(d)).[3] Defendants fail to address this clear legal prohibition to the relief they seek.

---

[2] Section 1447(d) contains two exceptions to the prohibition against review for cases removed under the federal-officer removal statute, 28 U.S.C. § 1442, and case removed under the civil-rights-cases removal statute, 28 U.S.C. § 1443. Defendants asserted neither of these bases for removal, so these exceptions are inapplicable here. (*See* Doc. 1; Doc. 23.)

[3] That said, "if subsequent pleadings, conduct by the parties, or various other circumstances bring a case that previously was not removable within the jurisdiction of the federal courts, a timely second notice of removal is permissible." 14C Fed. Prac. & Proc. Juris. § 3739 (Rev. 4th ed.); *accord Arno v. Costa Line, Inc.*, 589 F. Supp.

Second, to the extent Defendants' request for reconsideration, second notice of removal, and motion to reopen are premised on the motion to disqualify Plaintiff's counsel, (*see* Doc. 23 ¶ 7), any conflict of interest Plaintiff's counsel may have with Defendants had no effect on "the integrity of the adversarial process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal quotation marks omitted).  Rather, consistent with the law, I raised the issue of subject-matter jurisdiction *sua sponte*, (*see* Doc. 7), and would have remanded the case for lack of subject-matter jurisdiction whether or not Plaintiff had appeared.  I decline to exercise my "inherent authority" and "wide discretion" to consider the merits of any conflict of interest, *IBM Corp. v. Micro Focus (US), Inc.*, 676 F. Supp. 3d 263, 278–79 (S.D.N.Y. 2023) (internal quotation marks omitted), given that my conclusion that I lack subject-matter jurisdiction over this action does not depend on the arguments of Plaintiff's attorneys.

Defendants assert, contrary to my conclusion in my May 16, 2025 Opinion & Order, (*see* Prior Op. 5–6), that "subject-matter jurisdiction is established independently under 28 U.S.C. § 1330(a), irrespective of the well-pleaded complaint rule," citing *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480 (1983) in support.  (Doc. 20 at 4.)  While I need not address this argument because 28 U.S.C. § 1447(d) and related case law clearly prohibits reconsideration, I briefly explain why Defendants' argument is incorrect and their citation to *Verlinden* is misplaced.  In *Verlinden*, the decision below relied on the well-pleaded complaint rule in concluding "Congress was without power to grant federal courts jurisdiction" in cases between foreign entities, emphasizing that "the question of foreign sovereign immunity in th[e] case arose solely as a defense, and not on the face of [the Plaintiff's] well-pleaded complaint."  461 U.S. at 485, 494.

---

1576, 1580 n.5 (E.D.N.Y. 1984).  Defendants, however, do not invoke these grounds for reconsideration or for the filing of a second notice of removal.  I note as well that Defendants' motion to reopen cites the need to file a second notice of removal as the basis for the motion to reopen.  (Doc. 27 ¶ 11.)

3

The Supreme Court reversed, reasoning in relevant part that the "'well-pleaded complaint' rule" applies to the statutory grant of "arising under" jurisdiction in 28 U.S.C. § 1331, not to the full scope of "arising under" jurisdiction in Article III. 461 U.S. at 494–97. Thus, after *Verlinden*, "federal courts . . . inquire at the 'threshold of every action' against a foreign state whether the exception to sovereign immunity that the plaintiff alleges permits the exercise of federal jurisdiction." *Robinson v. Gov't of Malaysia*, 269 F.3d 133 (2d Cir. 2001) (quoting *Verlinden*, 461 U.S. at 493)).

The reason that *Verlinden* does not lead to the conclusion Defendants press is that Plaintiff—the party that Defendants assert is a foreign state under the FSIA—initiated this action in state court, and Defendants removed the action to federal court. (*See* Docs. 1, 23.) Removal is improper under 28 U.S.C. § 1441(a), because that statute "requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court," and therefore "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action . . . as defined by the plaintiff's complaint." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441–42 (2019) (quoting 28 U.S.C. § 1441(a)). As discussed above, the Court's remark in *Verlinden* about the well-pleaded complaint rule applied to the interplay between Article III of the Constitution and 28 U.S.C. §§ 1330 and 1331, not § 1441(a). *See Verlinden*, 461 U.S. at 494–97. Although 28 U.S.C. § 1441(d) permits a "foreign state" to remove an action asserted "against" it to federal court, that section of the statute does not permit "other defendants," *i.e.*, non-foreign-states, "to remove a case to federal court." (Prior Op. 8 (citing, *inter alia*, *Martinez v. Republic of Cuba*, 708 F. Supp. 2d 1298, 1302–03 (S.D. Fla. 2010); *Hyatt Corp. v. Stanton*, 945 F. Supp. 675, 690–91 (S.D.N.Y. 1996)).)

In short, Defendants failed to demonstrate an entitlement to reconsideration of my prior Opinion & Order or to a second removal of this case to federal court. Accordingly:

The motion to disqualify, the motion for reconsideration, the motions to strike, and the motion to reopen are DENIED. The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 20, 21, 26, and 27 and to REMAND the case to the Civil Court for the City of New York, New York County, Housing Part.

SO ORDERED.

Dated: July 2, 2025
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge