UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                :

SCG MIMA TOWERS LLC,              :

                                :

               Plaintiff,     :

                                :             24-CV-8277 (VSB)

        - against -         :

                                :                **<u>ORDER</u>**

KENNETH NOBLE, *et al.*,      :

                                :

             Defendants.  :

                                :
--------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

In resolving the current motion to remand this case for the third time, I describe the case's

lengthy and tortured procedural history to provide context and support for this Opinion & Order.

On October 16, 2024, Plaintiff SCG MiMa Towers LLC filed an eviction petition against

Defendants[1] for non-payment of $99,500 in rent in the Civil Court for the City of New York,

New York County, Housing Part.  (*See* Doc. 1-1.)  Defendants removed the case to this Court on

October 31, 2024, claiming that federal jurisdiction was proper under 28 U.S.C. § 1331 because,

by virtue of Defendants' counterclaim against Plaintiff for setoff of foreign sovereign bonds and

Defendants' assertion that Plaintiff was a foreign state, the "action raises substantial federal

questions under the Foreign Sovereign Immunities Act," ("FSIA"), 28 U.S.C. §§ 1602–11.  (Doc.

1 at ¶ 1.)  On May 16, 2025, I determined that there was no subject-matter jurisdiction over the

action and remanded it to state court.  (Doc. 19.)

---

[1] The state-court petition named Kenneth Noble ("Noble"), Jenson Salsich ("Salsich"), and various Doe parties as
"Defendant[s]/Respondent[s]."  (Doc. 1-1 at 2.)  I refer to these parties collectively as "Defendants," noting that
Defendant Noble appears to have taken the leading role in the filing.  Defendant Noble, a licensed attorney, is
proceeding in this action pro se.

On May 30, 2025, Defendants filed a motion for reconsideration of my Opinion & Order remanding the case, (Doc. 19), and a motion to strike Plaintiff's letter dated May 7, 2025, (Doc. 16), which requested that the action be remanded for lack of federal subject matter jurisdiction. (*See* Doc. 20 (motion for reconsideration); Doc. 21 (motion to strike)).  On June 13, 2025, Plaintiff filed a letter which I construed as an opposition to Defendants' motion for reconsideration and motion to strike.  (Doc. 22.)  On June 14, 2025, Defendants filed a second notice of removal, (Doc. 23), supplemental pleadings to the notice of removal, (Docs. 24–25), and a motion to strike Plaintiff's June 13, 2025 letter, (Doc. 26).  On June 17, 2025, Defendants filed a motion to reopen the case.  (Doc. 27.)  On June 30, 2025, Plaintiff filed a letter in opposition to Defendants' motion for reconsideration and motion to reopen the case.  (Doc. 28.)

On July 2, 2025, I issued an order denying Defendants' motion for reconsideration, (Doc. 20), motions to strike, (Doc. 21, Doc. 26), and motion to reopen the case, (Doc. 27), and remanding the case to the Civil Court for the City of New York, New York County, Housing Part ("NYC Housing Court").  (Doc. 29 ("July Remand Order").)  On that same day, Defendants appealed my July Remand Order.  (Doc. 30.)  On September 2, 2025, Plaintiff moved in the Second Circuit to dismiss the appeal for lack of appellate jurisdiction.  (Doc. 34 at ¶ 2.) Plaintiff's motion to dismiss and Defendants' motion to refer the motion to dismiss to the merits panel have been fully briefed and remain pending before the Second Circuit.  (*Id.*)

On September 3, 2025, Plaintiff filed a motion in the NYC Housing Court seeking an entry of a default judgment against Noble.  (Doc. 34 at ¶ 3; Doc. 34-1 at 1.)  On September 19, 2025, Noble filed an opposition and cross-moved for sanctions and costs against Plaintiff's counsel.  (Doc. 34-1 at 1–2.)  Noble argued that the NYC Housing Court does not have jurisdiction over the action because jurisdiction transferred from the District Court to the Second

Circuit upon the timely filing of the Notice of Appeal prior to the District Court's Clerk of Court mailing of my July Remand Order. (*Id.* at 2.) Plaintiff, in opposition, argued that the filing of the Notice of Appeal in the Second Circuit did not automatically stay my July Remand Order and that, absent a stay pending appeal, the NYC Housing Court can decide Plaintiff's motion for a default judgment and transfer the action to a Trial Part. (*Id.*)

On December 12, 2025, the NYC Housing Court issued a decision determining that the Second Circuit lacked jurisdiction over the pending appeal because, pursuant to 28 U.S.C. § 1447(d), my July Remand Order "is a non-appealable order" and following the mailing of my July Remand Order, the NYC Housing Court's jurisdiction over the action "resumes." (Doc. 34-1 at 3.) The NYC Housing Court further denied Plaintiff's motion for a default judgment, denied Defendants' cross-motion for sanctions and attorney's fees, and ordered that the case proceed to trial on January 27, 2026. (*Id.*)

On December 18, 2025, over five months after filing the appeal of my July Remand Order, Defendants filed a Third Notice of Removal from the NYC Housing Court "to preserve the appellate jurisdiction of the Court of Appeals over the pending appeal of the Court's remand order, and the original jurisdiction of this Court over this pending action, in accordance with 28 U.S.C. §§ 1291, 1441(a) and 1446(b) and Sections 1330(a) and 1607(c) of the FSIA." (Doc. 34 at ¶ 10.) Defendants previously made a similar argument in their Second Notice of Removal stating that "district courts shall have jurisdiction over an action under Section 1330(a) of the Foreign Sovereign Immunities Act (28 U.S.C. §§ 1330, 1441(d), 1602-1611[)]," (Doc. 23 at ¶ 6), an argument I rejected in the July Remand Order, (July Remand Order 3–4). Defendants also allege that "[p]ursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in this Court because the U.S. District Court for the Southern District of New York is the federal judicial

district embracing the Civil Court of the City of New York, County of New York: Housing Part where the state-court action was originally filed." (Doc. 34 at ¶ 15.) This is the same argument that Defendants made in the Second Notice of Removal. (*See* Doc. 23 at ¶ 12 ("Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in this Court because the U.S. District Court for the Southern District of New York is the federal judicial district embracing the Civil Court of New York, County of New York: Housing Part where the state-court action was originally filed.").) Thus, the Third Notice of Removal is largely duplicative of the Second Notice of Removal.

On December 22, 2025, Plaintiff filed a letter requesting that I "remand this action (for the third time) and do promptly so as not to delay the January 27, 2026 trial date in the Housing Part." (Doc. 37 at 1.) On December 23, 2025, Noble filed a letter stating that the Third Notice of Removal was "filed for the limited purpose of preserving the status quo pending the Second Circuit's determination of its appellate jurisdiction over this Court's remand order" and requesting that I "defer ruling on [Plaintiff's] pending letter request, or taking any other action in this matter, until the Court of Appeals has issued a final determination concerning its appellate jurisdiction." (Doc. 38 at 1, 3.)

Defendants' Third Notice of Removal is DENIED for the same reasons I previously asserted in my July Remand Order. "First, under the removal statute, '[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.'" (July Remand Order 2 (quoting 28 U.S.C. § 1447(d)).)[2] "The Supreme Court has held that the statute's bar to review applies to an order remanding a case removed under the FSIA for lack of

---

[2] Section 1447(d) contains two exceptions to the prohibition against review: (1) when a case is removed under the federal-officer removal statute, 28 U.S.C. § 1442, and (2) when a case is removed under the civil-rights-cases removal statute, 28 U.S.C. § 1443. Defendants asserted neither of these bases for removal, so these exceptions are inapplicable. (*See* Doc. 1; Doc. 23; Doc. 34.)

subject-matter jurisdiction." (*Id.* (citing *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 236–38 (2007)).) "Thus, 'reconsideration is not authorized for an order remanding a case to the state court.'" (*Id.* (quoting 62-*64 Bank St., LLC v. Amelio*, No. 24-CV-2488, 2024 WL 3729114, at *1 (S.D.N.Y. Aug. 7, 2024)).) Therefore, reconsideration of my July Remand Order, which is essentially what Defendants' Third Notice of Removal intends to do, is barred under Section 1447(d).[3] *See Bank of Am. v. Pastorelli-Cuseo*, No. 17-CV-01666, 2017 WL 4678184, at *3 (D. Conn. Oct. 17, 2017) ("[Defendant] has not identified any cogent and compelling reasons or extraordinary circumstances that would warrant revisiting [the previous remand] determination. Indeed, [the defendant's] notice of removal is almost identical to [the] earlier one. Furthermore, subsequent pleadings or events have not revealed a new and different ground for removal. To the contrary, from a removal perspective, this case is the same as it ever was. The same Plaintiff has sued the same Defendants, bringing the same legal claims and seeking the same relief as sought previously. As such, [the defendant's] second notice of removal constitutes an improper attempt to circumvent section 1447(d)'s prohibition on reconsideration." (internal citations and quotation marks omitted and alterations adopted)); *U.S. Bank, N.A. v. Ortiz*, No. 25-CV-2979, 2025 WL 1897860, at *1 (E.D.N.Y. June 6, 2025) (remanding a case "once more to state court" because the "first and second notices of removal suffered from near-identical deficiencies").

---

[3] "[I] note[] that [Defendants] filed a notice of appeal of [my July 2, 2025] [R]emand [O]rder. Normally, 'the filing of a notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' . . . Because [Defendants'] appeal from a non-reviewable remand order is improper for the same reasons [my] review of the [July 2, 2025 Remand] [O]rder is improper, the notice of appeal does not itself divest [me] of jurisdiction to consider" Defendants' Third Notice of Removal. *Mathieu v. Cazi*, No. 23-CV-8663, 2023 WL 7277246, at *2 n.2 (S.D.N.Y. Nov. 1, 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

Second, removal in this action "is improper under 28 U.S.C. § 1441(a), because that statute 'requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court,' and therefore 'does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action . . . as defined by the plaintiff's complaint.'" (July Remand Order 4 (quoting *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441–42 (2019)).) "Although 28 U.S.C. § 1441(d) permits a foreign state to remove an action asserted against it to federal court, that section of the statute does not permit other defendants, *i.e.*, non-foreign-states, to remove a case to federal court." (*Id.* (internal quotation marks omitted).)

Finally, despite Defendants' argument that they appealed my July Remand Order before the District's Clerk of Court mailed my July Remand Order[4] to the state court "divested the Clerk, as an agent of the Court, of authority to effect remand by subsequently mailing the order to the state court," (Doc. 38 at 1), the caselaw is clear that "[e]ntry of an order of remand and mailing a certified copy to the State Court under 28 U.S.C. § 1447(c) completely divests the federal court of jurisdiction and reinvests the State Court with jurisdiction to proceed." *Rosenberg v. GWV Travel, Inc.*, 480 F. Supp. 95, 97 n.3 (S.D.N.Y. 1979). Indeed, 28 U.S.C. § 1447(c), states, in relevant part, that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Moreover, "Congress's purpose in [] limiting the ability of federal courts to review orders

---

[4] Defendants assert that the July Remand Order was mailed to the state court on July 2, 2025 at 6:04 p.m. because that is when United Parcel Service picked up and scanned the package. (*See* Doc. 35-5 at 14 (UPS tracking information); Doc. 35-15 ("The remand order, denying the motion for reconsideration of the initial remand order entered on May 16, 2025, was entered on July 2 at 2:33 p.m., the notice of appeal was filed by Respondent Noble on July 2 at 5:02 p.m., and the order was mailed by the clerk on July 2 at 6:04 p.m.").) I note, however, that there is a text-only docket entry on July 2, 2025 at 4:03 p.m. stating that the case was remanded out to the state court and a "certified copy of [the] docket entries and remand order" were "[m]ailed via UPS." I need not address and decide, for the purposes of this Order, whether Defendants' appeal was filed before or after my July Remand Order was mailed to the state court.

remanding cases to state court was to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 310 (2d Cir. 2005) (internal quotation marks omitted). Thus, Defendants' "argument is intriguing, but ultimately unavailing. Although Congress wanted remanded cases to proceed promptly in a state court, *i.e.*, without court of appeals review, even if a district court remanded because of an erroneous view that subject matter jurisdiction was lacking, appellate consideration of subject matter jurisdiction will not delay state court proceedings in cases that belong in state court where, as in this case, a remand order is already subject to appeal in a court of appeals." *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 134 (2d Cir. 2006). Although Defendants appealed my July Remand Order, they did not seek a stay of the remand and, apparently, did not seek a stay of proceedings in the NYC Housing Court. "A stay [pending appeal] is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Defendants cite no case law, and I found none, which states that an appeal of a remand order automatically stays a remand to state court. In any event, I need not decide whether Defendants' argument is correct because, as noted above, I am prohibited from reconsidering my July Remand Order under Section 1447(d).

Defendants are aware of there being no federal subject matter jurisdiction after my previous orders on May 16, 2025 and July 2, 2025 so found and remanded the case to the NYC Housing Court. Defendants have not identified any compelling reason, such as new facts that would cure the previous jurisdictional deficiencies identified in my May 16, 2025 and July 2, 2025 orders, or extraordinary circumstances that would warrant revisiting my prior determination regarding the lack of subject matter jurisdiction.

Defendants were "told why there is no federal subject matter jurisdiction when [their] last two removal actions were remanded to state court.  If [they] disagreed with any of those reasons, [their] remedy was to properly appeal them," which they have done, "not to take a [] third bite at the apple by removing the state court action again."  *Deutsche Bank Nat'l Tr. Co. v. Koch*, No. 23-CV-1022, 2023 WL 6804727, at *3 (D. Conn. Oct. 16, 2023).  Defendants have "engaged in needlessly duplicative litigation by seeking to remove the state court action three times.  [They] filed [their] second and third notices of removal despite having been told why there were no grounds for federal jurisdiction."  *Id.*  Moreover, Defendants have "needlessly disrupted ongoing state court proceedings" and "sidetracked" the NYC Housing Court proceedings, most recently a month and a half before the beginning of trial in the NYC Housing Court.  *Id.* at *4.  Defendants are warned that if they attempt to remove this action to federal court again, without a valid basis, and in violation of the requirements of the removal statute, I may impose sanctions for making a filing "for any improper purpose, such as to . . . cause unnecessary delay," or making claims or arguments that the party knows are not "warranted by existing law."  Fed. R. Civ. P. 11(b).  *See Bey v. Brann*, No. 23-CV-7247, 2023 WL 5955613, at *2 (S.D.N.Y. Aug. 17, 2023) (determining that a pro se plaintiff "was, or should have been, aware that [the] notice of removal was improper" and "warn[ing] that the further filing of improper notices of removal or other frivolous litigation in this court may result in an order barring her from filing new actions in this court without prior permission").

Defendants fail, for the third time, to demonstrate an entitlement to a removal of this case to federal court.  Accordingly:

Defendants' Third Notice of Removal is DENIED.  The Clerk of Court is respectfully directed to REMAND the case to the Civil Court for the City of New York, New York County,

Housing Part.  To minimize any delay, I waive the seven-day waiting period set forth in Local Rule 83.1.

SO ORDERED.

Dated: January 8, 2026
New York, New York

Vernon S. Broderick
United States District Judge